**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marcus DEAN, Defendant—Appellant.**

No. 06–30562.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed Aug. 10, 2007.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Steven C. Haddon, Esq., Helena, MT, for Defendant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK, District Judge.*

MEMORANDUM **

Marcus Dean appeals the sentence of 240 months he received after pleading guilty to violations of 18 U.S.C. § 2423(a) (interstate transportation of a minor with intent to engage in criminal sexual activity), 18 U.S.C. § 2423(b) (travel with intent to engage in illicit sexual conduct), and 21 U.S.C. §§ 841 & 859 (distribution of drugs to a minor). Dean contends that the District Court misapplied the sentencing guidelines in (1) enhancing Dean's offense level by two levels on the ground that Dean had unduly influenced the minor to engage in prohibited sexual conduct, (2) not grouping Dean's drug and sex offenses, and (3) imposing consecutive rather than concurrent sentences on Dean's drug and sex offenses. Dean also contends that the District Court erred in failing to provide him with reasonable notice that it intended to impose a sentence significantly in excess of his advisory guideline range. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. For the reasons given below, we will affirm in part and reverse in part.

### I.

■ The guidelines provision governing violations of 18 U.S.C. § 2423 establishes a rebuttable presumption of undue influence where "a participant is at least 10 years older than the minor." *See* U.S.S.G. § 2G1.3 cmt. n. 3. Dean, who had sexual contact with a fifteen-year-old when he was twenty-five, argues that the presumption of undue influence should not apply because the minor admitted to engaging in sexual relations with individuals other than appellant. As we have previously noted, culpability under chapter 117 of the criminal code (transportation for illegal sexual activity and related crimes) is contingent on the conduct of the defendant, not the actions of the minor. *See United States v. Dhingra,* 371 F.3d 557, 561 (9th Cir.2004) (construing chapter 117 provision covering coercion and enticement); *see also id.* at 567 (observing that, where sexual offenses involving a minor are concerned, the minor's "willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation"). Because Dean failed to identify any record evidence sufficient to rebut the guidelines' presumption of undue influence, it cannot be said that the District Court was incorrect to apply a two-level enhancement for unduly influencing the minor to engage in prohibited sexual conduct.

■ Dean also argues that, when calculating his total offense level, the District Court should have aggregated his drug offenses and sex offenses into a single group pursuant to U.S.S.G. § 3D1.2(b). Subsection 3D1.2(b) applies only where the conduct in question "represent[s] essentially one composite harm to the same victim," U.S.S.G. § 3D1.2 at cmt. n. 4; and "the

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

societal interests that are harmed are closely related," *id.* at cmt. n. 2. Given that the harm associated with Dean's distribution of drugs to the minor is clearly distinguishable from the harm created by his sexual conduct, the District Court was not incorrect to conclude that Dean's drug and sex offenses did not qualify for grouping under U.S.S.G. § 3D1.2(b).

## II.

■ Based on its proper application of a two-level enhancement for undue influence, and its proper determination that Dean's drug and sex offenses did not qualify for grouping, the District Court calculated that Dean had a total offense level of twenty-seven. Given his criminal history category of III, Dean's guidelines-recommended sentence was therefore 87–108 months' imprisonment. The United States, pursuant to Dean's plea agreement, recommended a sentence of 87 months.

The District Court sentenced Dean to 240 months' imprisonment: 120 months, to run concurrently, on each of the two sexual offenses; and 120 months, to run consecutively, on the drug offense. On appeal, Dean—citing Federal Rule of Criminal Procedure 32(h) and *United States v. Evans–Martinez,* 448 F.3d 1163 (9th Cir. 2006)—argues that the District Court improperly failed to provide him with reasonable notice that it intended to impose a sentence significantly above the top end of his advisory guideline range. Because Dean failed to object at sentencing to the adequacy of notice, we review his claim for plain error. *Evans–Martinez,* 448 F.3d at 1166.

As we explained in *Evans–Martinez,* when a sentencing judge fails to provide explicit notice that he or she is contemplating a sentence above a defendant's advisory guidelines range, we "cannot be confident that the issues which impacted sentencing were thoroughly tested as intended under Rule 32(h)." 448 F.3d at 1167. The District Court informed Dean that the guidelines were advisory[1] but did not notify him that it was contemplating a sentence more than twice the upper-end of his guidelines range. This failure "to provide notice of . . . intent to sentence above the Guideline range" constituted plain error insofar as it " 'seriously affect[ed] the fairness, integrity, or public reputation' of the sentencing proceeding." *Id.* (quoting *United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005)) (alteration in original). Accordingly, we vacate Dean's sentence and remand for resentencing. On remand, the District Court should reexamine, in light of U.S.S.G. § 5G1.2(c), its decision to impose consecutive rather than concurrent sentences for Dean's drug and sex offenses. The District Court should also reconsider the overall sentence imposed on Dean in light of *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

1. At Dean's change of plea hearing, the District Court notified him that, because the court was not obligated to follow the guidelines, the court could impose a sentence anywhere within the statutory penalty range if the sentence is reasonable. At Dean's sentencing hearing, the District Court reminded Dean that the guidelines were advisory only and that the court would look to the statutes involved for guidance in fashioning Dean's sentence.